IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MELVIN DAVID LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 305-110 |
| | ) |
| JAMES E. DONALD, et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate confined at Georgia State Prison ("GSP") in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. As Plaintiff's § 1983 complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted.[1] 28 U.S.C. § 1915A.

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $250.00 filing fee.

## I. BACKGROUND

Although Plaintiff is currently confined at GSP, the events giving rise to this lawsuit stem primarily from Plaintiff's incarceration at Wheeler Correctional Facility ("WCF") in Alamo, Georgia. According to the complaint, there is a Standard Operating Procedure ("SOP"), numbered IIA14-0001, which provides that prisoners in segregated housing units, also known as being on "lockdown" status, must use a "book cart" to obtain legal materials rather than physically accessing the law library. According to Plaintiff, having to use the book cart system, which requires the prisoner to identify the legal materials he wants brought to him, in combination with the fact that he is a layman not provided with the assistance of a person trained in the law, amounts to denial of access to the courts. Plaintiff maintains that Defendants Donald, the Commissioner of the Department of Corrections, and Defendant Kemp, the Warden at WCF, are responsible for formulating and implementing this book cart system.

Plaintiff states that in the past year, at various times he has been on lockdown status, has therefore been forced to use the book cart system, and as a result has suffered adverse consequences in two cases he has litigated. Specifically, Plaintiff alleges that his appeal in a state court case (Lewis v. Tuggle, CV 02692-5) concerning deprivation of his personal property was rejected because he failed to follow the proper filing procedure.[2] (Compl., pp.

[2]According to the ruling of the Georgia Court of Appeals that Plaintiff attached to a prior lawsuit filed in this Court, the appeal was dismissed for lack of jurisdiction because Plaintiff failed to follow the discretionary appeal procedure prior to filing his notice of appeal. Lewis v. Donald, CV 305-020 (S.D. Ga. Jan. 31, 2005), doc. no. 11, Attach. This Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

5(d)-(e)). Plaintiff also contends that he "experienced numerous difficulties with the initiation and sustaining another second-hand smoke civil action."³ (Id. at 5(d)).

Plaintiff also complains that while he was at WCF, Defendants Wesley and McLaughlin, both correctional officers, retaliated against him for his complaints about smoking in the dormitories at WCF by fabricating a false disciplinary report against Plaintiff. According to the complaint, on January 4, 2005, Plaintiff was scheduled to go to the law library, but because these two Defendants had become aware of Plaintiff's litigation efforts and practice of filing grievances, they allegedly decided to prevent Plaintiff from going to the library by falsely accusing him of a disciplinary infraction. (Id. at 5(g), (i)). According to the complaint, Defendant Carter, a Disciplinary Hearing Officer at WCF, violated Plaintiff's due process rights by incorrectly conducting the disciplinary hearing and punishing him for the false accusations made by Defendants Wesley and McLaughlin. (Id. at 5(j)). Plaintiff appealed the decision, and he reports that the Office of Inmate Affairs expunged the charge of threatening an officer that Plaintiff had maintained was fabricated by Defendants Wesley and McLaughlin. (Id. at 5(m)-(n)).

## II. DISCUSSION

### A. Failure to Meet Requirements for Stating Claim of Denial-of-Access-to-the Courts

Liberally construing Plaintiff's allegations, the Court concludes that Plaintiff fails to state a claim that he has been unconstitutionally denied access to the courts. The First Amendment safeguards the right "to petition the Government for a redress of grievances."

---

³The Court is aware of one civil action pending in this Court concerning second-hand smoke. Lewis v. Jarriel, CV 304-096 (S.D. Ga. Sept. 27, 2004).

3

U.S. Const. amend. I. To that end, the Supreme Court has held that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). However, to state a viable access-to-the-courts claim, a plaintiff must plead and prove actual injury to existing or contemplated litigation of nonfrivolous (and therefore viable) claims challenging the plaintiff's sentence or conditions of confinement. Lewis, 518 U.S. at 349-55; see also Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (emphasizing that an inmate's right to access the courts is only implicated where there is actual injury suffered "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement."). The Eleventh Circuit has clarified the requirements for pursuing a denial-of-access-to-the-courts claim as follows:

> [A] plaintiff first must show actual injury before seeking relief . . . . This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of [] deterrence, such as denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials.

Blankenship, 163 F.3d at 1290-91 (emphasis added) (citations omitted). Stated otherwise, there must be an allegation that the actions of prison officials "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996)(*per curiam*)).

4

Here, Plaintiff has not met the actual injury requirement for stating a denial-of-access-to-the-courts claim. Plaintiff complains about the book cart system impeding his ability to litigate in two cases. The first case is a state court case that Plaintiff describes only as a case about "constitutional deprivations of personal property." Although Plaintiff does allege that he was injured because his appeal in this case was dismissed, he has not provided any information about the case tending to show that it was an "action[] under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights.'" Lewis, 518 U.S. at 354. Notably, Georgia has created a civil cause of action for the wrongful deprivation of personal property. O.C.G.A. § 51-10-1. Moreover, the Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law." Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Thus, as Georgia statutes provide for a post-deprivation remedy, Plaintiff's bare contention that his state case concerned the deprivation of property does not establish that he was hindered in his pursuit of a civil rights case that can form the basis for a denial-of-access-to-the-courts claim - namely, a § 1983 action seeking to vindicate basic constitutional rights.

As to the case concerning exposure to second hand smoke that Plaintiff has pending in this Court, CV 304-096, Plaintiff claims that the case "was initially rejected by the Court for numerous deficiencies." (Compl., p. 5(d)). However, a review of the docket in that case shows that the Court identified the deficiencies, gave Plaintiff instructions for amending the complaint, and allowed Plaintiff the opportunity to cure the noted deficiencies. CV 304-096, doc. no. 6, pp. 3-6. Plaintiff filed an amended complaint (id., doc. no. 7), and the case is still

5

pending today. That certain of Plaintiff's claims were dismissed from that case does not satisfy the injury requirement. That is, the Constitution does not require that prisoners be given the tools to litigate <u>effectively</u> once in court. Lewis, 518 U.S. 354; <u>see also</u> Hoffenberg v. Federal Bureau of Prisons, No. 4:03-40226-GAO, 2004 WL 2203479, at *13 (D. Mass. 2004) ("Being deprived a legal victory for a claim is not synonymous to being deprived access to the courts to resolve that claim."). Plaintiff was not prevented from bringing his conditions of confinement claim to the federal courts. The case was not dismissed. Indeed, Plaintiff is currently in the process of attempting to vindicate his Eighth Amendment rights, as evidenced by his claims currently being thoroughly vetted through discovery in CV 304-096. Plaintiff has simply not alleged the requisite injury to establish a viable denial of access to the courts claim.[4]

## B. No Liability Based on *Respondeat Superior*

Plaintiff also alleges that Defendants Donald and Kemp, as the Commissioner and Warden, respectively, are responsible for the book cart policy that he believes violates his right of access to the courts. However, as described above, Plaintiff has not sufficiently alleged an injury from the book cart system that justifies imposing liability for denial of

---

[4]Likewise, Plaintiff's apparent attempt to bring a Sixth Amendment claim under the heading of being denied access to legal assistance also fails to state a claim. As a general rule, there is no entitlement to appointed counsel in a civil rights case, such as this one, brought pursuant to 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Moreover, access to legal assistance is but one of several means that may be used to satisfy the requirement for providing meaningful access to the courts. Hoffenberg, 2004 WL 2203479, at *13 (citing Hannon v. Allen, 241 F. Supp.2d 71, 74 (D. Mass. 2003) and Lewis, 518 U.S. at 351)). Thus, a claim of being denied the assistance of a person trained in the law, when there are other legal resources available, does not state a viable cause of action.

6

access to the courts. In any event, these two officials cannot be held liable simply by virtue of their supervisory positions.

In the Eleventh Circuit, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation, or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged that Defendants Donald or Kemp were personally involved in implementing SOP IIA14-0001 and/or bringing Plaintiff legal materials through the book cart system.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Donald and Kemp and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[5] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671,

---

[5] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be <u>obvious, flagrant, rampant and of continued duration</u>, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

7

or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff's allegation of his own personal difficulty with the book cart policy does not show there was a history of widespread abuse that put either Defendant on notice of the need for corrective action or that either supervisor had an improper custom or policy that violated any of Plaintiff's constitutional rights. Accordingly, Plaintiff fails to state a viable claim against either of these two Defendants.

C.  **Failure to State an Equal Protection Claim**

Plaintiff also states on the front of his complaint that he is bringing an Equal Protection claim. However, there is no explanation in the body of the complaint for the basis of such an allegation. To state a valid equal protection claim, Plaintiff must allege that similarly situated persons were treated differently from him. See Arrington v. Dickerson, 915 F. Supp. 1503, 1510 (M.D. Ala. 1995) (failure to allege existence of similarly situated person subjects equal protection claim to Fed. R. Civ. P. 12(b)(6) dismissal); see also City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (requiring plaintiff to show that he was treated differently than similarly situated individuals to succeed on equal protection claim). Here, Plaintiff does not allege that other inmates similarly situated to him were treated differently. A complaint that inmates in the general population were allowed physical access to a law library, while he was not allowed access as an inmate on lockdown

status simply does not meet the criteria. Nor does he allege that any similarly situated inmate received different treatment during disciplinary proceedings. Likewise, Plaintiff has not alleged that any Defendant acted with a discriminatory intent toward him by establishing the book cart policy for lockdown inmates or in the conduct of the challenged disciplinary proceedings.[6] See Elston v. Talladega County Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir.1993) (requiring plaintiff to demonstrate that challenged action was motivated by an intent to discriminate in order to establish equal protection violation).

In sum, as Plaintiff has failed to allege that he and other similarly situated inmates were treated differently with respect to accessing legal materials and/or the conduct of disciplinary proceedings, and as Plaintiff has failed to allege that any Defendant acted with the intent of discriminating against him, he fails to state an equal protection claim upon which relief can be granted.

### D.     Failure to State a Due Process Claim

Plaintiff claims that Defendant Carter, a Disciplinary Hearing Officer, violated his due process rights because she did not conduct his disciplinary hearing fairly and convicted him on false charges.[7] Plaintiff states that the eventual expungement of the charges shows that the charges were false. These allegations are insufficient to state a due process claim.

---

[6] To the extent Plaintiff contends that he was discriminated against in the sense that he was treated unfairly during the disciplinary proceedings by the manner in which it was conducted, that allegation is discussed in Part II.D with respect to Plaintiff's due process allegations.

[7] Although the allegations against Defendant Carter fall under the portion of the Statement of Claim headed "Retaliation," Plaintiff plainly states, "Defendant Carter violated Plaintiff's due process rights." (Compl., p. 5(L)).

9

It is a well-settled principle of law that "the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir.1994) ("In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise."). Here, Plaintiff successfully utilized the remedial process to address any perceived procedural errors in the disciplinary proceedings conducted by Defendant Carter, and therefore any potential error in the procedure provided was eradicated. Thus, Plaintiff fails to state a due process claim, and Defendant Carter should be dismissed from the case.[8]

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants James Donald, Ralph Kemp, and LaTasha Carter, along with all denial-of-access

---

[8]The Court is aware that Plaintiff states on the front of his complaint that he is also bringing claims for cruel and unusual punishment under the Eighth Amendment. (Compl., p. 1). However, he fails to explain in the body of the complaint how denial-of-access-to-the courts or the filing of false disciplinary charges and the resultant disciplinary proceedings amount to a showing that prison officials knew about and disregarded an excessive risk to his health or safety, as would be required to state an Eighth Amendment claim. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Moreover, the two titles of Plaintiff's Statement of Claim are: Claims of Inadequate Access to Court . . . and Claims of Retaliation. . . . (Compl., pp. 5, 5(i)). There is simply no indication of any basis for an Eighth Amendment claim.

to-the-courts, equal protection, and due process claims, be **DISMISSED** from this case.[9]

SO REPORTED and RECOMMENDED this 23rd day of September, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[9]By separate Order, the Court has directed that service of process be effected on Defendants Wesley and McLaughlin based on Plaintiff's allegations of retaliation based on the issuance of false disciplinary charges in response to Plaintiff's activities of filing grievances and commencing litigation about his exposure to second-hand smoke.