ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JUL -7 PM 12: 36

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MELVIN DAVID LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 305-110 |
| | ) |
| MICHAEL WESLEY and FNU MCLAUGHLIN, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate now confined at Georgia State Prison ("GSP") in Reidsville, Georgia, filed a complaint under Title 42, United States Code, Section 1983. Defendants have submitted a motion for summary judgment. Plaintiff responded in opposition to the motion. For the reasons that follow, the Court recommends that the summary judgment motion be **GRANTED** and that final judgment be **ENTERED** in favor of defendants.

## I. BACKGROUND

At the time of the events alleged in plaintiff's complaint, plaintiff was incarcerated at Wheeler Correctional Facility ("Wheeler") in Alamo, Georgia. Defendants were employed as security personnel at Wheeler. Ex. C, ¶ 2; Ex. D, ¶ 2.

On January 4, 2005, plaintiff attempted to exit his prison housing unit for library call.

Defendant Wesley prompted plaintiff for a pass. Ex. C, ¶ 3. When plaintiff responded that he did not have a pass, Defendant Wesley ordered him to wait until the call-out roster could be checked. Id. At that time, defendants contend that plaintiff became verbally disruptive and disrespectful toward them. Id. Plaintiff disputes defendants' contention that he acted in a disruptive or disrespectful manner.

Defendant Wesley then wrote a disciplinary report on January 4, 2005, charging plaintiff with insubordination and verbally threatening a correctional officer. Ex. D, ¶ 3. After a disciplinary hearing, at which witnesses testified on behalf of both plaintiff and defendants, plaintiff was found guilty of the charges and assigned to fourteen days of segregation and thirty days of property restriction. Ex. E. Plaintiff appealed the disciplinary ruling to the Warden, but the Warden affirmed the decision on January 27, 2005. Id. Plaintiff then appealed the ruling to the Georgia Department of Corrections. Id. There, on March 4, 2005, the charge of verbally threatening an officer was dropped, but the remaining charge of insubordination and the sanctions imposed were upheld. Id.

In his complaint, plaintiff claims that defendants filed the January 4, 2005, disciplinary report in retaliation for complaints plaintiff had made against another prison official regarding environmental tobacco smoke ("ETS"). Defendants deny that they were aware of plaintiff's ETS complaints prior to filing the disciplinary report.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Applicable substantive law identifies which facts are material in a given case.[1] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Clark, 929 F.2d at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party meets its burden, the non-moving party must then "demonstrate

---

[1] For purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

3

that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

## III. DISCUSSION

Under the First Amendment, prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). A prisoner may state a cognizable Section 1983 claim by alleging that the actions of prison officials "that might not otherwise be offensive to the Constitution" may be brought "within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits and administrative grievances." Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). A Section 1983 plaintiff, however, cannot maintain a retaliation claim where "he was ultimately found guilty of the major misconduct charge giving rise to his retaliation claim." Wilson v. Phipps, 1998 WL 384560 (6th Cir. June 18, 1998) (unpublished opinion); Abate v. Lewis, 1996 WL 5830 (9th Cir. Jan. 8, 1996) (unpublished opinion); Orebaugh v. Caspari, 910 F.2d 526, 527-28 (8th Cir. 1990).

4

In this case, the allegations contained in plaintiff's disciplinary report were submitted to a disciplinary hearing officer in a hearing at which plaintiff was allowed to submit evidence.[2] The disciplinary officer found plaintiff guilty of the charges based on the testimony of prison officials who witnessed his conduct, and the sanctions imposed were upheld on appeal both to the prison warden and to the Georgia Department of Corrections.

The Court finds that the charges in plaintiff's disciplinary report are supported by the record of this case, and the Court accordingly finds that the sanctions imposed on plaintiff were appropriate notwithstanding his allegations of retaliation. Plaintiff also has not shown that defendants in this case would be predisposed to retaliate against him inasmuch as the complaint he filed concerning ETS involved other correctional officers. While the Court recognizes that a situation could arise where a prison official files a disciplinary report against a prisoner with retaliatory motives related to the prisoner's prior grievances, the existence of those prior grievances should not afford a prisoner a *carte blanche* to violate the rules and standards of prison administration without the possibility of punishment. The record in this case supports the allegations raised in the disciplinary report, and the Court accordingly does not find that the punishment plaintiff received gives rise to a cognizable claim of retaliation.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has failed to state a claim on

---

[2] The Court notes that the evidence submitted by plaintiff at his disciplinary hearing, the testimonial statement of Baker Thomas, is the same evidence submitted by plaintiff in his opposition to the summary judgment motion.

5

which Section 1983 relief may be granted. Defendants' motion for summary judgment should accordingly be **GRANTED** and final judgment should be **ENTERED** in favor of defendants.

SO REPORTED and RECOMMENDED this 7th day of July, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE