ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 SEP 14 PM 3: 31

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

MELVIN DAVID LEWIS,          )
                             )
        Plaintiff,           )
                             )
    v.                       )        CV 305-110
                             )
MICHAEL WESLEY and FNU       )
MCLAUGHLIN,                  )
                             )
        Defendants.          )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pro se Plaintiff, Melvin David Lewis, commenced the above-styled civil action

pursuant to 42 U.S.C. § 1983 and is proceeding in forma pauperis. The captioned matter is

before the Court on Plaintiff's motions for a preliminary injunction and for the appointment

of counsel. (Doc. nos. 32-1, 32-2). For the reasons set forth below, the Court **REPORTS**

and **RECOMMENDS** that the motions for preliminary injunction and for the appointment

of counsel be **DENIED**.

## I.    Background

Plaintiff is an inmate at the Georgia State Prison ("GSP") in Reidsville, Georgia, the

State's highest maximum-security prison. Within that prison, Plaintiff is confined to the

segregation unit. This action concerns Plaintiff's period of incarceration at Wheeler

Correctional Facility ("WCF"), a private correctional facility owned and operated by

Corrections Corporation of America, Inc. In his motion for a preliminary injunction, Plaintiff requests that this Court grant him access to the prison's "satellite" law library twice a week for the duration of his "[three] separate federal civil actions currently active in federal court." He argues that despite the numerous grievances he has filed, he has been (1) denied access to a law library, (2) denied legal assistance, and (3) not given adequate materials for legal and personal correspondence. In the alternative, Plaintiff requests that counsel be appointed on his behalf. Defendants respond, asserting, inter alia, that they are security personnel at WCF and have no control over Plaintiff; therefore, they cannot provide the relief Plaintiff requests.

## II.   DISCUSSION

### A.   Preliminary Injunction

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

In the case at bar, the named Defendants are associated with WCF; thus, not only do they not currently have control over Plaintiff, but they also do not have anything to do with

2

GSP, let alone have the authority to grant Plaintiff access to the law library in that facility. Therefore, Defendants are not in a position to provide the requested relief, and Plaintiff's motion for a preliminary injunction should be denied. See Trailer Rental Co., Inc. v. Buchmeier, 800 F. Supp. 759, 762 (E.D. Wis. 1992).

**B.     Appointment of Counsel**

Plaintiff also requests that counsel be appointed on his behalf. As a general rule, there is no entitlement to appointed counsel in a civil rights case, such as this one, brought pursuant to 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216. Here, Plaintiff fails to show that exceptional circumstances exist (e.g., that he brings a meritable claim of such complexity that counsel would materially assist in its presentation) to justify the appointment of counsel. See Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996).

Indeed, this is a straightforward retaliation case, in which a Report and Recommendation has already been entered on a fully-briefed and responded-to motion for summary judgment. Based on Plaintiff's filings with the Court to date, it is evident that he is able to clearly and succinctly communicate with the Court. Accordingly, Plaintiff's motion for the appointment of counsel should be denied. Should it become apparent later on in the proceedings that counsel should be appointed, after due consideration of the complexity of the issues raised or their novelty, see Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), the Court will entertain this motion again at the appropriate time.

3

## III. **CONCLUSION**

Because Defendants do not have control over Plaintiff and therefore, cannot provide the relief requested, and Plaintiff is not entitled to the appointment of counsel, the Court **REPORTS** and **RECOMMENDS** that the motions for preliminary injunction and for the appointment of counsel be **DENIED**.

SO REPORTED and RECOMMENDED this 14 day of September, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4